# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:94-cr-00008-1 |
| v. | MEMORANDUM OPINION |
| REGGIE ISMEL,<br>*Defendant.* | JUDGE NORMAN K. MOON |

This matter comes before the Court on a letter filed by Reggie Ismel ("Defendant") (docket no. 322). Although he has not formally moved the Court, I will construe Defendant's letter as a motion to appoint counsel and motion to reduce sentence.[1] For the following reasons, I will deny Defendant's motions.

A jury found Defendant guilty of one count of conspiring to distribute cocaine base ("crack") in violation of 21 U.S.C. § 846 and one count of intentionally killing a human related to drug trafficking in violation of 21 U.S.C. § 848. On December 22, 1994, Defendant was sentenced to life in prison without parole as to both counts, to be served concurrently. Now, Defendant seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the Sentencing Guidelines. Under § 3582(c)(2), a court may modify a defendant's term of imprisonment if the term was "based on a sentencing guideline range that has subsequently been

---

[1] In addition to these motions that I have construed on his behalf, Defendant raises issues that appear to bear on the nature and validity of his indictment, trial, conviction, and sentence, despite the fact that the judgment in his case was affirmed. *United States v. Ismel*, 153 F.3d 723, 1998 WL 486356, *1 (4th Cir. 1998), *cert. denied*, 525 U.S. 1047 (1998). If Defendant wishes to challenge the computation of his federal sentence, he should file a habeas corpus petition pursuant to 28 U.S.C. § 2241. If he otherwise wishes to attempt to invalidate his sentence or conviction, he should file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Forms for filing these motions may be obtained by requesting them from the Office of the Clerk, United States District Court, Western District of Virginia, P.O. Box 1234, Roanoke, Virginia 24006. To the extent Defendant has moved the Court for the issuance of a subpoena in regard to these issues, that motion shall be denied.

lowered by the Sentencing Commission." Amendment 750, which became effective on November 1, 2011, retroactively lowers the base offense levels applicable to crack offenses under § 2D1.1 of the Sentencing Guidelines.

However, as to Defendant, Amendment 750 has no effect. As his pre-sentence investigation report clearly indicates, Defendant's base offense level of 43, which served as the basis of his guideline "range" of life in prison, was based not on any drug weight for which he was responsible, but rather on the guideline for first degree murder. Because Amendment 750 does not apply to Defendant, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2). And because he is ineligible, I have no authority to reduce his sentence. Accordingly, Defendant's motion for a sentence reduction must be denied.

With respect to Defendant's motion to appoint counsel, it is well-established that "a criminal defendant has no right to counsel beyond his first appeal . . . ." *Coleman v. Thompson*, 501 U.S. 722, 756 (1991). While in some limited circumstances due process mandates the appointment of counsel for certain post-conviction proceedings, a motion to reduce sentence pursuant to § 3582(c)(2) is not one of them. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) ("A motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'") (quoting *United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999)). In the instant case, I find no reason to appoint counsel for Defendant, who, as previously mentioned, is ineligible for a sentence reduction pursuant to § 3582(c)(2). Therefore, Defendant's motion to appoint counsel is also denied.

For the reasons stated herein, Defendant's motion to appoint counsel and motion to reduce sentence shall be denied.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the Defendant and all counsel of record.

Entered this 13th day of January, 2012.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE